Filed 10/30/13  In re David R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DAVID R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D063174 |
| Plaintiff and Respondent, | (Super. Ct. No. J231821) |
| v. | |
| DAVID R., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Carolyn M. Caietti, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H.

Chow, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal arises from a restitution order imposed on David R. (the Minor) by the juvenile court following the Minor's admission of two counts of felony vandalism (Pen. Code, § 594, subd. (a)(b)(1)). The remaining allegations of the petition were dismissed. The court declared the Minor to be a ward of the court and placed him on probation in the custody of his parents.

In November 2012, the court held a restitution hearing after which it imposed a restitution order of $20,195.52, for the purpose of compensating the victim, the City of Escondido (City), and for the purpose of rehabilitating the Minor.

The Minor appeals, challenging only the restitution order. He contends the method of calculation of the amount of restitution was arbitrary and awarded the City an excessive amount, and that the court failed to find he had the ability to pay such amount as required by Welfare and Institutions Code[1] section 742.16. We are satisfied there is sufficient substantial evidence to support the trial court's calculation of the amount of the award. We also find there is sufficient evidence to support the trial court's implied finding of ability to pay, although we observe the better practice would have been for the court to make an express finding on ability to pay, since it is a statutory requirement. We will affirm the restitution order.

## STATEMENT OF FACTS

The facts of the underlying offenses are not in issue here. We note only that the Minor identified 102 instances of graffiti done by him in the City.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

On the issue of restitution, the prosecution relied on the testimony of Richard O'Donnell, the deputy director of public works and maintenance for the City.

O'Donnell explained the methods used by the City to remove graffiti. He testified regarding the chart used by him to calculate the financial impact of the Minor's vandalism on the City. He utilized a spreadsheet which included the cost of equipment, personnel, truck expenses, supervision, office staff, administrative fees and overhead. The spreadsheet broke down the costs of removal on the basis of the number of square feet involved in any individual graffiti incident.

The Minor did not present any evidence on the issue but did file written opposition to the amount requested by the City.

## DISCUSSION

## I

### *SUFFICIENCY OF EVIDENCE*

The Minor contends the evidence does not support the restitution order in this case. He argues the use of the spreadsheet approach creates an arbitrary amount that does not necessarily reflect the actual costs to the City. He essentially argues the City must show the actual costs for the removal of the graffiti for each of the 100 sites at issue in this case. It is clear from this record the trial court found the City's witness credible and that the method of calculating costs was reasonable. Accordingly, we will find the amount of restitution supported by the record.

A.  Legal Principles

Restitution orders are reviewed on appeal under the abuse of discretion standard. Under that standard we will not set aside a trial court's decision unless the record demonstrates a clear abuse of the court's discretion.  (*In re Johnny M*. (2002) 100 Cal.App.4th 1128, 1132.)  The right to victim restitution is to be broadly construed and trial courts have discretion to use any rational method of calculating an amount of restitution designed to make the victim whole and to advance the purpose of rehabilitating the offender.  (*People v. Means* (2002) 97 Cal.App.4th 493, 499-500; *In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1391-1392.)

The standard of proof for the purpose of establishing the reasonable amount of restitution is preponderance of the evidence.  In evaluating the sufficiency of a restitution order we will draw all reasonable inferences in favor of the trial court's factual findings.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542; *People v. Tabb* (2009) 170 Cal.App.4th 1142, 1153.)

In calculating the amount of restitution for a municipality or government entity, the use of spreadsheets and cost averaging can be a rational method of determining the amount.  It is not necessary to limit restitution to out-of-pocket costs where the agency has been required to redirect it staff and equipment away from its normal duties in order to remedy the damage caused by graffiti.  (*In re Johnny M., supra*, 100 Cal.App.4th at pp. 1133-1136.)

B.  Analysis

The City presented both written material and testimony from Mr. O'Donnell that explained the City's methodology in estimating the cost of repairing damage caused by various forms of graffiti placed on a variety of surfaces.  O'Donnell had personal knowledge of the methods the City had to use to deal with the varying forms of damage due to graffiti.  He explained the calculation of material costs, the amount of time such repairs generally take and described the overhead costs to the City for the personnel and equipment used for such repairs.

O'Donnell testified to the manner in which the spreadsheet was prepared and how the cost estimates were broken down by the number of square feet of graffiti.  The written submission identified each of the 100 repairs of graffiti damage caused by the Minor, the number of square feet involved and the cost estimate based on the size.  He testified the estimates were intentionally conservative in an effort to be fair in the calculation of restitution.  Plainly the juvenile court accepted the truthfulness and accuracy of both the testimony and the written materials.

While the Minor filed opposition based upon the written estimates, and cross-examined O'Donnell, he did not present any contrary evidence to rebut that which was submitted by the City.  Thus we are satisfied the trial court had adequate evidence from which it could conclude the City's estimated cost methodology was accurate and rational and fairly represented the financial impact to the City caused by the Minor's unlawful conduct.

The City was entitled to be compensated for the use of its staff and equipment to remove graffiti. That staff and equipment would have otherwise been used to address the myriad repairs the City otherwise needed to make to its infrastructure. The amount of restitution ordered here, although substantial, fairly addresses the need to compensate the City for the damage caused by the Minor. The juvenile court did not abuse its discretion in assessing the amount of restitution.

II

*ABILITY TO PAY RESTITUTION*

In this case the trial court did not make an express finding that the Minor had the ability to pay the amount of restitution ordered. As the Minor correctly notes, section 742.16,[2] dealing with restitution orders in juvenile cases involving graffiti removal, expressly requires the court to make a finding as to the ability of the minor to pay restitution. He therefore argues we should at least remand this case to the juvenile court to conduct further proceedings on his ability to pay.

---

[2] Section 742.16, subdivision (b) provides: "If a minor is found to be a person described in Section 602 by reason of the commission of an act prohibited by Section 594, 594.3, 594.4, 640.5, 640.6, or 640.7 of the Penal Code, and the graffiti or other material inscribed by the minor has been removed, or the property defaced by the minor has been repaired or replaced by a public entity that has elected, pursuant to Section 742.14, to have the probation officer of the county recoup its costs through proceedings in accordance with this section and has made cost findings in accordance with subdivisions (c) or (d) of Section 742.14, the court shall determine the total cost incurred by the public entity for said removal, repair, or replacement, using, if applicable, the cost findings most recently adopted by the public entity pursuant to subdivision (c) or (d) of Section 742.14. The court shall order the minor or the minor's estate to pay those costs to the probation officer of the county to the extent the court determines that the minor or the minor's estate have the ability to do so."

For their part, the People argue the issue was forfeited because counsel did not challenge the restitution order on the grounds of ability to pay, even though the juvenile court invited comment after it made its order. We decline to apply the forfeiture doctrine in this case. While the Minor did not raise this specific issue during the hearing, he did file written opposition to the City's request and did raise the issue of ability to pay in those papers, albeit somewhat obliquely. Therefore, we will exercise our discretion and address the issue on the merits.

Based on this record we can determine there was an implied finding of ability to pay since the Minor is young, in good health and there is no reason to believe he cannot work in the future and be able to pay the amount over time. We believe the ability to pay restitution in this context is not based simply on the assets available to a minor at the time of the order. Rather, we believe the juvenile court can take into account the likelihood the minor, and his or her parents, will be able to pay the amount over a reasonable period of time. A definition of ability to pay which focuses only on a minor's financial condition at the time of the order would mean most, if not all, minors would be excused from restitution for the costs of graffiti removal. We seriously doubt that was the Legislature's intention in enacting this statute. Accordingly, we will reject this challenge to the restitution order.

## A. Legal Principles

Section 742.16, subdivision (b) authorizes juvenile courts to impose restitution orders for the cost of graffiti removal, "to the extent the court determines that the minor or the minor's estate have the ability to do so." Where the trial court has not made a

7

statement to the contrary, we will ordinarily presume the court was aware of and followed the applicable law. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517-1518; *People v. Stowell* (2003) 31 Cal.4th 1107, 1114; Evid. Code, § 664.)

The ability of a minor to pay restitution is not based on the minor's financial condition at the time of disposition. The court in *In re Michael S.* (2007) 147 Cal.App.4th 1443, 1457, dealt with a restitution order for $139,000, arising from a fire set by the minor which damaged a school. The court noted the minor may be burdened with the payments well into adulthood. Similarly, the court in *In re Brian S.* (1982) 130 Cal.App.3d 523, 527-528, recognized that payment of restitution could well continue into adulthood. The minor in *Brian S.* was 18 years old at the time of the order and was unemployed. The record, however, gave no reason to doubt he could become employed in the future and could pay the amount over time. (*Id.* at p. 532.)

We do not believe the definition of ability to pay in the juvenile law context is analogous to determining net worth for purposes of punitive damages. The purpose of punitive damages is to punish a person, usually in the context of civil litigation brought by a private person or entity. (*Evans v. Gibson* (1934) 220 Cal. 476, 490.) The purpose of the restitution order is to make the victim whole for the losses inflicted by the offender. In the juvenile law context, it is also designed to rehabilitate the offender by holding the person fully responsible for the damages caused by criminal conduct.

## B. Analysis

The court indicated it had considered the Minor's opposition papers and the probation officer's report. Thus the court was well aware the Minor and his family had

8

limited financial means at the time of the order. However, the Minor appeared to be healthy and mentally capable, although the Minor's continuous destructive behavior in school had adversely impacted his educational process. We think the juvenile court could easily conclude that the Minor has the ability to work and, over time, to pay for the damages he inflicted on the victim. The Minor argues on appeal it could take a decade for him to pay the restitution amount, even assuming he gets a job. Respectfully, that argument is not persuasive. Like the minors in *In re Michael S., supra,* 147 Cal.App.4th 1443 and *In re Brian S., supra,* 130 Cal.App.3d 523, the fact it may take this Minor some years to pay the order, does not mean he lacks "the ability to do so."

There is sufficient evidence in this record to support the juvenile court's implied finding that the Minor has the ability to pay the amount of restitution ordered.

Accordingly, there was no error in setting the amount of restitution in this case.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

9