Filed 1/20/15  P. v. Rosales CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066020 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF31506) |
| CARLOS ROSALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott Taylor and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Carlos Rosales entered a guilty plea to one count of grand theft (Pen Code.,[1] § 487, subd. (a)). Thereafter Rosales was granted probation and ordered to make restitution to the victim in the amount of $7,216.16.

Rosales appeals challenging only the restitution order. He contends the trial court lacked sufficient evidence to support the calculation of the amount due and that the court abused its discretion in imposing the amount due the victim.

We are satisfied the trial court used a rational methodology in calculating the amount of restitution and that there is sufficient evidence in the record to support the order.

## STATEMENT OF FACTS

Rosales was the lead receiver for Kmart in El Centro. On May 29, 2013, Kmart discovered Rosales was stealing merchandise that was delivered to the store. When Rosales was interviewed by the loss prevention officer Rosales admitted stealing two digital cameras worth $500. He also admitted stealing merchandise for 18 to 24 months prior to being discovered. He said he had taken a variety of items which he identified as including:

1. 500 drinks such as Pepsi and Gatorade valued at $945.

2. Over 200 various food items valued at $600.

3. Over 200 packs of gum valued at $318.

4. Jewelry.

---

1 All further statutory references are to the Penal Code unless otherwise specified.

5. Five or six digital cameras.

6. A laptop cooling pad.

7. Five televisions.

8. Al least two DVD players.

9. Three Xbox gaming systems.

10. Miscellaneous clothing items.

11. Batteries.

12. Tools.

In all, Rosales estimated the value of the items taken at $10,000.

Most of the items taken had been sold in Mexico, or in some cases returned for gift card credit, but Rosales still had possession of a number of items. Although some of the items were no longer "saleable" he was given full credit for them. The items returned were valued at $2,783.84. Therefore the total loss to Kmart was set at $7,216.16.

## DISCUSSION

The amount of restitution ordered in this case was based on two sets of facts. First, the probation officer and the court accepted Rosales's admission that the total loss to his employer was $10,000. The court also accepted the concept of giving Rosales full credit for the value of the items he returned after his crime was discovered. Through that process the court arrived at the net amount.

Rosales contends the trial court abused its discretion because using Rosales's estimated amount of loss as the base number was speculative. We find the process

3

entirely rational, and, since Rosales did not present any alternative evidence there is no reason for us to overturn the restitution order.

### A.  Legal Principles

California has clearly declared the importance of providing direct victims of crime with full restitution wherever possible.  California Constitution, article I, section 28, subdivision (a)(13)(A) provides:  "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer."  (See § 1202.4, subd. (f) [requiring "full" restitution].)

Restitution orders made by the trial courts are reviewed under the abuse of discretion standard.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.)  Decisions of the trial courts providing restitution will not be set aside where there is a rational basis for the court's calculation.  (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.)

The question for a reviewing court is whether the trial court's decision was beyond the bounds of reason under the circumstances.  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)  The manner of calculation does not have to be the same as would be used in a civil action.  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26-27.)

Where the victim presents an adequate factual basis for the claimed restitution, the burden shifts to the defendant to disprove the amount of the claimed loss.  (*People v. Gemelli*, *supra,* 161 Cal.App.4th at p. 1543; *People v. Fulton* (2003) 109 Cal.App.4th 876, 886.)

## B. Analysis

The person most knowledgeable of the extent and value of the losses in this case was Rosales. He was the lead receiving person for Kmart and was responsible for accepting deliveries of merchandise to the store. He had been systematically stealing from Kmart for 18 to 24 months. Rosales gave the employer and the probation officer a detailed list of the types of items and in many instances their value. It was Rosales who estimated the total loss to Kmart at $10,000. There is no reason to find his recollection, and admission, to be speculative.

We note, for example, that although Rosales had been stealing for some time and regularly selling the merchandise or returning it for credit, he still had over $2,700 worth of property in his possession. Rosales was in a far better position than the victim to calculate the loss. Given the extensive and continuous theft, about which Rosales had excellent recall, the trial judge was well within his discretion to use the amount of the loss admitted by Rosales as the basis for the restitution calculation. As we have noted, Rosales was given the benefit of full value deduction for the returned items, even though some were not saleable.

In short, the method used to calculate restitution was reasonable and reliable. Rosales presented nothing to the trial court that would support a different restitution amount.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.