[No. E043682. Fourth Dist., Div. Two. Apr. 18, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
BRENDA MARIE GEMELLI, Defendant and Appellant.

## COUNSEL

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**RAMIREZ, P. J.**—Defendant Brenda Marie Gemelli pled guilty to second degree commercial burglary and appeals the amount of restitution ordered by the trial court pursuant to Penal Code section 1202.4, subdivision (f).[1] She contends the amount of restitution ordered is not supported by substantial evidence, because the trial court solely relied on the victim's unverified statement of losses and arbitrarily rejected her testimony disputing some of the items listed on the victim's statement.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant worked as a bookkeeper at a restaurant. The restaurant was burglarized, and paperwork referred to as "daily reports" were the only items determined to be missing following the burglary. Defendant became a suspect in the burglary because she had recently been fired by the restaurant owners who suspected she was embezzling money. The owners believed the missing paperwork would have shown whether defendant had embezzled money. Police found several shoe prints at the scene, which matched a pair of defendant's shoes.

On February 23, 2007, defendant was charged with second degree commercial burglary in violation of section 459 (count 1) and with child abuse in violation of section 273a, subdivision (a) (count 2). Pursuant to a plea agreement, defendant pled guilty to the second degree commercial burglary alleged in count 1, and the allegations in count 2 were dismissed. The matter was then referred to the probation officer for preparation of a written report.

For inclusion in the probation report, the probation officer requested a statement of damages and receipts from the restaurant. In response, the owner provided a list outlining a total of $7,073 in losses incurred by the restaurant as a result of the burglary. The list was submitted to the court as an attachment to the probation officer's report. However, no receipts were attached to support the amounts claimed in the statement.

On May 29, 2007, defendant was sentenced to 36 months of probation subject to a number of terms and conditions. At defendant's request, the court held a restitution hearing on June 12, 2007. At the outset, the trial court indicated a prima facie showing of damages in the amount of $7,073 was established based on information provided in the probation officer's report. Defendant's counsel called the probation officer as a witness. He testified he had requested receipts from the victim to support any damages incurred as a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

result of the burglary but received only the list attached to his report. He did not attempt to verify any of the claimed amounts. Defendant then testified in order to challenge some of the amounts shown in the victim's statement of losses.

Following defendant's testimony, the trial court stated as follows: "Court finds that the only credible evidence presented at this hearing was that provided by the probation officer. . . . [¶] Consequently, the Court's going to order restitution in the amount of $7,073. [¶] . . . [¶] It is ordered that [defendant] make restitution to the victim . . . in the amount of $7,073, plus a ten percent administrative fee to be paid through Central Collections."

## DISCUSSION

Citing *People v. Vournazos* (1988) 198 Cal.App.3d 948 [244 Cal.Rptr. 82] (*Vournazos*), defendant argues that the victim's bare, unverified statement of losses is insufficient to sustain an order for direct restitution pursuant to section 1202.4, subdivision (f). She argues that a victim's statement of losses must be supported by documentary evidence. Although recognizing the holding in *Vournazos* has been criticized by other courts, she disagrees with the reasoning in those cases and contends the facts of her case are distinguishable. Defendant contends the claimed losses in this case are distinguishable because they are for repairs and professional services, rather than specific items of merchandise, and, as a result, are more difficult for a defendant to challenge in the absence of supporting documentation.

Section 1202.4, subdivision (f), provides as follows: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." Restitution under section 1202.4, subdivision (f), "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct . . . ." (§ 1202.4, subd. (f)(3).) "The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (§ 1202.4, subd. (f)(3)(A).)

A restitution order is reviewed for abuse of discretion and will not be reversed unless it is arbitrary or capricious. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045 [29 Cal.Rptr.3d 120].) No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered. " '[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt.' " (*Ibid.*) Section

1202.4 does not, by its terms, require any particular kind of proof. However, the trial court is entitled to consider the probation report, and, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the value of stolen or damaged property. (*People v. Foster* (1993) 14 Cal.App.4th 939, 946 [18 Cal.Rptr.2d 1] (*Foster*), superseded by statute on other grounds as stated in *People v. Birkett* (1999) 21 Cal.4th 226, 238–245 [87 Cal.Rptr.2d 205, 980 P.2d 912].) Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 886 [135 Cal.Rptr.2d 466].) The defendant has the burden of rebutting the victim's statement of losses, and to do so, may submit evidence to prove the amount claimed exceeds the repair or replacement cost of damaged or stolen property. (*Ibid.*)

In *Vournazos, supra*, 198 Cal.App.3d at pages 958–959, the trial court ordered restitution in an amount based entirely on the recommendation of the probation officer, which in turn was based solely on the victim's statement of loss and the officer's discussions with the victim. On appeal, the defendant argued the amount of restitution was not supported by substantial evidence. (*Ibid.*) The Court of Appeal recognized that ordinarily "a defendant bears the burden of proving that the amount of restitution claimed by the victim exceeds repair or replacement cost of lost or damaged property . . . ." (*Ibid.*, citation omitted.) However, it found the rule inapplicable, because the replacement or repair cost of the property was never established. (*Ibid.*)

We rejected a similar argument in *Foster, supra*, 14 Cal.App.4th at pages 946–948. The defendant in *Foster* burglarized a cabin and took some valuable items. (*Id.* at p. 943.) He argued the trial court could not rely solely on the victim's uncorroborated statement about the value of the items to support an order for restitution. (*Id.* at pp. 943, 945.) He also argued the Legislature "must have intended that determinations of value be based on evidence other than the victim's uncorroborated statement." (*Id.* at p. 948.) We disagreed because "[i]n many other contexts, an owner's opinion of the value of his or her property is sufficient evidence to establish value." (*Ibid.*, citing Evid. Code, § 810 et seq.) We therefore concluded there was "no justification for requiring a *more* stringent rule in the context of the relaxed procedure of a hearing to determine conditions of probation." (*Foster,* at p. 948.) For this reason, defendant's citation to *Vournazos, supra*, 198 Cal.App.3d at page 958, is unpersuasive. In other words, to the extent *Vournazos* might be read to require more than a victim's statement of loss and a probation officer's recommendation as prima facie evidence of value to determine an appropriate amount of restitution, we decline to follow it for the policy reasons set forth in *Foster, supra*, 14 Cal.App.4th 939.

Here, the trial court's restitution order was based on the probation officer's report and an attached handwritten statement from the victim listing a grand total of $7,073 in losses incurred by the restaurant as a result of the burglary. The list is detailed and facially credible in that it explains how each of the claimed losses is related to the burglary. In addition, each of the repair items shows an amount spent on materials, an hourly rate for labor or professional services, and the amount of time it took to complete the necessary work. The list included the following items: (1) $20 in materials and two hours of labor and welding at $50 per hour to repair back gate fencing and boards, which were pulled off by the burglar to gain entry through the back of the restaurant for a total of $120; (2) $18 in materials and two hours of labor at $25 per hour to install a new latch, which was broken by the burglar to enter the restaurant through the kitchen area for a total of $68; (3) $75 in materials and one hour of labor at $25 per hour to replace a metal shelf, which was bent when the burglar stepped on it to go from the roof entry to ground level for a total of $100; (4) $1,150 to purchase a new security camera and monitor to replace those destroyed by the burglar, as well as 10 hours of labor at $25 per hour to install the new equipment, for a total cost of $1,400; (5) $35 to replace a carving knife used to pry the office door open; (6) $225 to purchase a new filing cabinet, which was destroyed by the burglar; (7) one hour of labor at $25 per hour to repair a doorjamb, which was damaged to gain entry into the office; and (8) $5,100 to reconstruct paperwork taken from the file cabinet during the burglary. According to the owner, 51 days of paperwork had to be reconstructed, and it took two hours to reconstruct each day at $50 per hour for a total of $5,100. We agree with the trial court's conclusion the probation report and the attached list of claimed losses were sufficient to constitute a prima facie showing of economic losses in the amount of $7,073 incurred by the restaurant as a result of the burglary.

With her own testimony given during the restitution hearing, defendant disputed (1) the labor charges for repairs made to the restaurant, (2) the amount spent to reconstruct the stolen paperwork, (3) the cost of replacing a filing cabinet, and (4) the cost of replacing the security camera and monitor. She argues the trial court arbitrarily rejected her testimony. We disagree.

Based on her time as an employee, defendant testified repairs at the restaurant were typically made by the owner, not by an outside firm. This testimony was apparently offered to dispute the labor charges included on the statement of losses for repairs made to the restaurant. However, defendant's testimony did not effectively rebut the claimed labor costs. Even if the owner did all of the repairs himself rather than hire someone else to do them, his time had value. There was nothing in defendant's testimony to even suggest the hourly rate or the time spent for each repair was in any way excessive and could therefore not be the actual cost of repairing the property. As a result,

we cannot disagree with the trial court's conclusion defendant did not present any credible evidence to rebut any of the repair items.

Also based on her time as an employee of the restaurant, defendant testified the paperwork she prepared while on the job was not complicated, and she had only been paid minimum wage to create it. In other words, she attempted to show the total of $5,100 claimed to reconstruct the stolen paperwork was too high. In addition, because professional services were used to reconstruct the paperwork, defendant argues it was too difficult for her to contest this amount without supporting documentation.

Under the circumstances, there is nothing to suggest it was unreasonable for the owner of the restaurant to obtain professional assistance at a higher rate of pay in order to reconstruct the paperwork stolen during the burglary. The detailed information provided in the restaurant owner's written statement was more than adequate to advise defendant of this cost. If defendant believed supporting documentation or additional information was necessary to effectively rebut the amount claimed, it was up to her to obtain it. Having failed to do so, she did not meet her burden of proof. We therefore agree with the trial court's conclusion defendant did not effectively rebut the amount claimed to reconstruct the stolen paperwork.

■ Defendant testified she was with the manager of the restaurant when the original security camera and monitor were purchased at Wal-Mart for $150. She further testified she was present when the filing cabinet was purchased, and it only cost $99. Thus, by her testimony, defendant attempted to show the $1,150 claimed to replace the security camera and monitor and the $225 claimed to purchase a new filing cabinet could not represent the replacement cost of like property because the original cost of these items was much lower. In other words, she would have us overturn the trial court's credibility determination as to these items by giving her testimony more weight than that afforded by the trial court to the probation report and the victim's written statement of losses. However, "[d]eferential review is particularly necessary when, as here, the factual determination depends in part on judging a witness's credibility," and we must uphold such a determination if it is supported by substantial evidence. (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1040 [90 Cal.Rptr.2d 607, 988 P.2d 531].) " 'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination . . . .' " (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681 [76 Cal.Rptr.2d 641, 958 P.2d 393], italics omitted, quoting *Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874 [197 Cal.Rptr. 925].) "We do

not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact." (*People v. Baker* (2005) 126 Cal.App.4th 463, 469 [23 Cal.Rptr.3d 871].) For the reasons outlined above, the probation report and the victim's attached statement of losses were not only credible but substantial. We therefore conclude the trial court did not abuse its discretion in ordering defendant to pay $7,073 in restitution to the victim.

### DISPOSITION

The judgment is affirmed.

Hollenhorst, J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 2008, S163266.