Filed 4/29/13  P. v. Lockett CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAY LAFAYETTE LOCKETT,<br><br>    Defendant and Appellant. | E056022<br><br>(Super.Ct.No. FWV1100486)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed as modified.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Ray Lafayette Lockett pled nolo contendere to first degree residential burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496, subd. (a)). Defendant also admitted to having suffered a prior serious or violent strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and promised to pay victim restitution to all of the victims involved. In return, the remaining allegations were dismissed and defendant was sentenced to a stipulated term of five years four months in state prison.

Following a restitution hearing, defendant was ordered to pay victim Lois A. $66,466.95 for her losses.[1] On appeal, defendant contends the record fails to support the trial court's calculation of the restitution award to victim Lois A. The People agree. We also agree, and will modify the restitution award to Lois A.

I

FACTUAL BACKGROUND[2]

At the restitution hearing, Lois A. testified that her house was burglarized on December 29, 2010, and that there were losses as a result. Her insurance company assessed the lost goods at $20,305.46, but with depreciation at $17,417; and damage to her home at $1,677.04. In addition, her insurance company did not account for all of her losses, because her policy covered a maximum of $5,000 for jewelry and $200 for

---

[1] Defendant was also ordered to pay victim David R. $4,825.33; Lisa C. $11,400; and David and Monica R. $14,989.55. Defendant is not disputing the amount awarded to these victims.

[2] The factual background is taken from the contested restitution hearing.

2

cash. Ms. A.'s late father and late husband had been collecting treasury proof coin sets since the 1960's. Furthermore, she had inherited three Chinese gold coins valued at $16,000 and had $2,000 in cash in a safe. Her insurance company reimbursed her only $200 for the coins and cash. Ms. A. took a $30,000 loss on her income tax return for the theft of all of the coins.

In regards to all of her jewelry that was stolen, Ms. A.'s insurance company reimbursed her only $5,000, but she had one 22.5-karat aquamarine ring with six diamonds worth more than $5,000. She had listed about 40 pieces of jewelry. Ms. A. also had a softball size 300-year-old jade Buddha, an ivory goddess, and an agate horse. Her insurance company gave her only $120 for the Buddha. Ms. A. received some of her stolen items back, including about 35 out of 80 Barbie dolls valued at $1,434.

The prosecutor summarized the total losses at $67,094.00. Adjusting the figure to account for return of some of the Barbie dolls, the court ordered defendant to pay $66,466.95 to Ms. A. for her losses.[3]

---

[3] Based on documentation submitted by Ms. A., the probation officer had calculated Ms. A.'s total losses at $51,982.50.

DISCUSSION

Defendant contends that there is no evidence to support the $66,466.95 victim restitution award to Ms. A., and therefore the amount should be reduced to $51,982.50. The People agree that the restitution award to Ms. A. should be reduced, but claim the amount should be reduced to $53,534.48.[4]

"[T]he court's discretion in setting the amount of restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole." (*People v. Baker* (2005) 126 Cal.App.4th 463, 470.) But a "restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall. [Citations.]" (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)

Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 886.) Defendant has the burden of rebutting the victim's statement of losses, and may submit evidence to prove the amount claimed exceeds the repair or replacement cost of damaged or stolen property. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.) "While the court need not order restitution in the precise amount of loss, it

---

[4] Defendant did not file a reply brief disputing the amount reached by the People. Defendant merely filed a letter stating, "Given that the Attorney General has conceded the legal issue in this case, [defendant] will not be filing a Reply Brief."

'must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.]" (*People v. Chappelone*, *supra*, 183 Cal.App.4th at p. 1172.)

Victim restitution orders are reviewed for abuse of discretion. (See *People v. Giordano* (2007) 42 Cal.4th 644, 663.) " '[I]t asks in substance whether the ruling in question "falls outside the bounds of reason" under the applicable law and the relevant facts [citations].' " (*Ibid.*) "[A] restitution order 'resting upon a " 'demonstrable error of law' " constitutes an abuse of the court's discretion. [Citation.]' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

Here, we agree with the parties that the trial court erred in calculating the victim restitution award to Ms. A. The total victim award to Ms. A. should be $53,354.95 as follows: $20,305.46 in lost goods; $1,677.04 for damages to her home; $30,000 for the loss coins; $2,000 for the cash; minus $627.55 for the value of the Barbie dolls that were returned to Ms. A. ($1,434 divided by 80 = $17.93 per doll x 35).[5]

III

DISPOSITION

The judgment is modified to reflect victim restitution to victim Lois A. in the amount of $53,354.95. The superior court clerk is directed to prepare an amended minute order of the February 24, 2012 restitution hearing and an amended abstract of judgment, and to forward the amended abstract of judgment to the Department of

---

[5] The People's calculation in regards to the Barbie dolls is in error.

Corrections and Rehabilitation.  (Pen. Code, §§ 1213, 1216.)  In all other respects, the

judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

RICHLI
J.