Filed 10/10/14  P. v. Adams CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049055 |
| v. | (Super. Ct. No. 12CF0062) |
| DELVON LAVEL ADAMS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant was convicted on three counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)). On each count, he was sentenced to the mid-term of three years in state prison, which was doubled to reflect a prior strike (Pen. Code, §§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)). The sentences were to run concurrently. Additionally, the court imposed a 10-year firearm enhancement. (Pen. Code, § 12022.53, subd. (b)) and a five-year prior serious felony enhancement (Pen. Code, §§ 667, subd. (a)(1), 1192.7, subd. (c)). The total prison sentence was 21 years. Defendant raised one issue on appeal: that the victim restitution award of $75 was an abuse of discretion. Defendant claims the evidence showed at most $55 was taken. We find no abuse of discretion and affirm.

FACTS

In light of the narrow scope of the appeal, we set forth only those facts relevant to the narrow issue.

On the morning of November 21, 2011, defendant robbed a Wienerschnitzel restaurant at gunpoint with three employees present. The store manager testified defendant took "around $55." Defendant confessed to an officer that he took approximately $30. The probation report stated defendant took $75. The court ultimately awarded a $75 victim restitution award.

DISCUSSION

Defendant's claim that the $75 award is an abuse of discretion boils down to whether the court can look to the probation report in setting the amount of restitution. Defendant did not address the issue in his opening brief, respondent claims the court can, and defendant did not file a reply brief. We agree with respondent.

2

"A restitution order is reviewed for abuse of discretion and will not be reversed unless it is arbitrary or capricious.  [Citation.]  No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered.  '"[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt."'  [Citation.]  [Penal Code section] 1202.4 does not, by its terms, require any particular kind of proof.  However, the trial court is entitled to consider the probation report, and, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the value of stolen or damaged property.  [Citation.]  Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim.  [Citation.]  The defendant has the burden of rebutting the victim's statement of losses, and to do so, may submit evidence to prove the amount claimed exceeds the repair or replacement cost of damaged or stolen property."  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542-1543; but see *People v. Harvest* (2000) 84 Cal.App.4th 641, 653 [probation officer's report "may satisfy notice requirements for due process [citation], but it cannot take the place of evidence"].)

Here, when the prosecutor requested that the court impose a $75 victim restitution award based on the probation report, defendant did not come forward with contrary evidence, but instead stood mutely by.  The probation report based that amount on the police report and investigation at the time of the crime.  The probation report was prima facie evidence, unrebutted by defendant, on which the trial court was entitled to rely.  Accordingly, the restitution award was within the court's discretion.

DISPOSITION

The judgment is affirmed.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.