Filed 10/30/15  In re O.H. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re O.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063099 |
| v. | (Super.Ct.No. J254688) |
| O.H., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Barbara A. Buchholz, Judge.  Affirmed.

Wayne C.Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

An amended Welfare and Institutions Code section 602 petition alleged that defendant and appellant O.H. (minor) committed two separate offenses of first degree residential burglary. (Pen. Code, § 459, counts 1 & 2.)[1] Minor admitted as true the allegation in count 1. On motion of the district attorney, the court dismissed the allegation in count 2. However, the parties agreed that the probation department could consider the allegation in count 2 for the purposes of sentencing and restitution. On July 21, 2014, the court declared minor a ward of the court and placed him on probation in the custody of his mother, under certain terms and conditions.

The court held a contested restitution hearing on February 26, 2015. After reviewing the itemized lists of stolen items and hearing testimony from the victims, the court ordered minor to pay $14,600 in victim restitution.

On appeal, minor contends that a certain portion of the restitution award should be set aside. He claims there was insufficient evidence that the loss, in the amount of $1,950, resulted from the burglary. We affirm.

FACTUAL BACKGROUND[2]

*First Incident*

On March 30, 2014, a residence was ransacked and numerous items were taken. The police apprehended minor, who told the police that he was walking down the street with a friend, when he met a second friend. The second friend offered minor and his

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] This factual background is taken from the probation report.

2

friend money to help steal items from the residence. The police recovered from minor several of the items that were taken.

*Second Incident*

On June 30, 2014, S.O. returned home and discovered that his house had been broken into and ransacked. During a police investigation, minor's fingerprints were found inside the home. An officer went to minor's house to speak to him, and minor denied any involvement in the burglary. However, after being transported to the police station, minor admitted that he joined three other males in breaking into the house.

ANALYSIS

The Court's Victim Restitution Order Was Proper

Minor argues that the court abused its discretion in ordering him to pay the portion of the victim restitution order that included $1,950 for items that the victim in count 2 discovered were missing from her home long after the commission of the burglary. We find no abuse of discretion.

A. *Relevant Background*

S.O. and his wife, L.S., were present at minor's dispositional hearing on July 21, 2015. L.S. made a written statement of the items taken from their home during the burglary. She submitted the list to the court, and it was read in court. The items listed included pieces of jewelry and two electronic items. The items were valued at $12,850.

On September 10, 2014, L.S. submitted a second list of items that came up missing after she submitted the first list. The second list consisted of three more pieces of jewelry, valued at $1,950.

3

The court held a restitution hearing on February 26, 2015. L.S. testified at the hearing that there was a burglary at her house and that she gave the police a list of missing items two days after the burglary occurred. That list included numerous pieces of jewelry and two electronic items. She then confirmed that she sent a list of additional missing items to the probation department in September 2014. When asked why she did not give that list to probation earlier, she stated that when the burglary occurred, she was not in the right state of mind. She explained that she could not remember what she had at her house, what she had left at her parents' place, and what was left at her husband's parents' place. L.S. said that when she finally found the time and the courage to actually look through everything, she discovered that the additional items were missing.

After the court heard closing arguments from counsel, it stated that it had reviewed the lists of missing items, listened to testimony, and assessed the witness's credibility and demeanor. The court noted that L.S. testified "rather specifically, about jewelry items," and that it believed her testimony. The court stated that it was satisfied with the testimony that the victim provided, regarding the identification of the items and their value. The court reduced the value of the two electronic items and then ordered minor to pay a total of $14,600 in restitution.

B. *Relevant Law*

Section 1202.4, subdivision (f), provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court

4

order, based on the amount of loss claimed by the victim or victims or any other showing to the court."

"The standard of review of a restitution order is abuse of discretion. 'A victim's restitution right is to be broadly and liberally construed.' [Citation.] '"When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court."'" (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 (*Johnny M.*).) "In reviewing the sufficiency of the evidence, the '"power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.' [Citation.] Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. [Citation.] 'If the circumstances reasonably justify the [trial court's] findings,' the judgment may not be overturned when the circumstances might also reasonably support a contrary finding. [Citation.] We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact." (*People v. Baker* (2005) 126 Cal.App.4th 463, 468-469 (*Baker*).) "Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 (*Gemelli*).)

C.  *The Court Did Not Abuse its Discretion in Awarding Restitution for the Items on the Second List*

Minor argues that the missing items on the second list that L.S. provided on September 10, 2014 (the second list) should not have been included in the victim restitution order because there was no substantial evidence that those items were taken during the burglary.  He contends that there was "a substantial passage of time" between the offense and the time L.S. discovered those items missing.  He also asserts that there was no evidence concerning where L.S. kept those items, and, "[if] she was disorganized . . . there was ample time for these items to have been lost or misplaced."  He further claims that there could have been other reasons why those items went missing, e.g., a family member could have pawned them or mistakenly thrown them out.

Here, there was a rational and factual basis for the juvenile court's restitution award, including the $1,950 for the items on the second list.  (See *Johnny M.*, *supra*, 100 Cal.App.4th at p. 1132.)  The evidence showed that almost all of the items were stolen from L.S.'s jewelry box, and minor's fingerprints were discovered on her jewelry box.  Moreover, all of the items on the second list were pieces of jewelry.  L.S. explained that she did not claim the missing items on the second list until later because she was not in the right state of mind right after the burglary occurred.  She could not remember what she had at her house, and what she had left at her parents' and in-laws' homes.  Then, when she took the time to look through everything, she discovered the additional items missing.  The court found L.S.'s testimony to be credible and was satisfied with it, noting that the testimony was very specific.  We do not reweigh or reinterpret the evidence.

(*Baker*, *supra*, 126 Cal.App.4th at p. 469.)  Ultimately, L.S. made a prima facie showing of economic losses incurred as a result of minor's conduct, and minor failed to disprove the amount of losses claimed.  (*Gemelli*, *supra*, 161 Cal.App.4th at p. 1543.)

As to minor's characterization that there was "a substantial passage of time" between the burglary and when L.S. claimed the additional items, we note that it was only approximately two months.  The burglary occurred on June 30, 2014, and L.S. submitted the second list on September 10, 2014.  We further note that minor's claims regarding how those pieces of jewelry could have gone missing are pure speculation.

We conclude that there was sufficient evidence to support the court's findings. (*Baker*, *supra*, 126 Cal.App.4th at p. 469.)  The court did not abuse its discretion when it included $1,950 for the items on the second list as part of the victim restitution order.

<u>DISPOSITION</u>

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

7