Filed 1/28/16 In re Kevin A. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re KEVIN A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D067780 |
| Plaintiff and Respondent, | (Super. Ct. No. J235589) |
| v. | |
| KEVIN A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Roderick W. Shelton, Judge. Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Kevin A. (the Minor) was charged in a petition filed in juvenile court with one count of felony vandalism (Pen. Code, § 594, subd. (a)(b)(1)), and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

The Minor admitted the vandalism count and the gang allegation was dismissed.

The Minor was declared a ward of the court and placed on probation for one year. The court found the Minor and two others were jointly and severally liable for $1,399.50 in restitution to the City of San Diego for the costs of removal of the gang graffiti.

The Minor appeals contending the trial court erred in setting the amount of restitution. He contends that several of the properties, which he defaced, were not owned by the City and thus the City has not shown it was a victim that incurred an economic loss as to the privately owned properties. We agree with the juvenile court that the City has shown it will repair both public and private property in order to eliminate the gang graffiti from public view. Accordingly, we will find the court properly exercised its discretion in setting the amount of restitution.

## STATEMENT OF FACTS

The record shows that the Minor and two others defaced properties on Comstock Street, Fulton Street and Burton Street in the City of San Diego, in order to "work for the hood."

## DISCUSSION

The Minor contends the juvenile court erred in ordering $690 in restitution to the City for repair of damage to a fence on properties at 2345 and 2347 Comstock Street since those properties are privately owned.

2

## A. Background

The juvenile court held an evidentiary hearing to determine the amount of restitution to be ordered in this case. In that hearing the court received the City's cost statement for repair of all six properties which were defaced by the Minor and his cohorts. The court found that the City had carried its burden to prove the validity of the costs and that the burden shifted to the Minor to disprove the amounts. Defense counsel did not challenge the burden shifting, nor does the Minor challenge it on appeal.

In response to the City's evidence, the Minor offered proof that the fences for 2345 and 2347 Comstock were not owned by the City, and contended that the City was not responsible for repairing the damage.

After reviewing the submitted materials the court rejected the Minor's contentions. The court said, in part: "In this particular instance, the City of San Diego has entered into a number of different policies and agreements to restore the community after acts of vandalism have been committed. . . . [¶] . . . [¶] . . . [The City is] actively pursuing the restoration of property when it has been defaced by graffiti. And while one or more of these pieces of property [may be] privately owned, such as 2345 and 2347 . . . the [C]ity had an interest in restoring that property. They did, so . . . they have incurred a loss."

The Minor does not challenge the cost of repair of the graffiti that he and his accomplices placed on the Comstock Street property. He only challenges whether the City of San Diego may be reimbursed for the costs it incurred in repairing the damage.

3

### B. Legal Principles

Where a juvenile has caused damage by defacing property with graffiti, the court may order the juvenile to pay restitution. Welfare and Institutions Code section 730.6, subdivision (j)(2) provides in part that a victim, entitled to restitution includes: "[a] governmental entity that is responsible for repairing, replacing, or restoring public or privately owned property that has been defaced by graffiti . . . and has sustained an economic loss."

The standard of proof at a restitution hearing is by a preponderance of the evidence. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 (*Gemelli*).) The court may consider probation reports or the property owner's statements of the amount of the loss. No specific manner of proof is required either by statute or case law. (*Ibid*.; *People v. Weatherton* (2015) 238 Cal.App.4th 676, 684.) Once the prosecution has established the amount of loss and entitlement to restitution, the defendant must come forward with contrary information. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63; *Weatherton, supra*, at p. 684.)

Restitution orders are reviewed for abuse of discretion, and where there is a rational basis for the order, it will not be overturned on appeal. (*In re Johnny M*. (2002) 100 Cal.App.4th 1128, 1132; *People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.)

### C. Analysis

As we have noted, the Minor does not challenge his responsibility for the damage or that the costs for repair are unreasonable. His only challenge is that the City was not a

victim as to two parcels of property because they were privately owned. Accordingly, we will only address the juvenile court's finding that the City was a victim.

The evidence, viewed in the light most favorable to the juvenile court shows the City did take responsibility for the repair of damage to the two challenged properties. The properties shared a fence, which had been defaced by graffiti. The court found the City had a valid interest in removing the blight, which was visible to the public.

It does not take great scholarship to conclude that gang graffiti, scrawled over public and private property, can have an adverse impact on a community. Walls, fences, road signs, and even houses defaced by vandals marking their territory has an adverse impact on property values and upon the image of the community. We cannot say the City of San Diego was a mere volunteer in repairing the property in question here. The juvenile court found, and we agree, the City has an interest in removing the blight from public view in order to maintain the quality of life in its communities.

We read Welfare and Institutions Code section 730.6, subdivision (j)(2) to specifically authorize reimbursement to public entities that undertake, in the public interest, to repair the damage done by this pernicious form of vandalism. (See *Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 309.) The juvenile court did not abuse its discretion in ordering the Minor to reimburse the city for the repair of the two Comstock Street properties. (*Gemelli, supra*, 161 Cal.App.4th at p. 1542.)

5

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McINTYRE, J.

PRAGER, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.