Filed 5/27/16  P. v. Ngo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VY CHI NGO,<br><br>    Defendants and Appellants. | H041981<br>(Santa Clara County<br>Super. Ct. No. C1473226)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 2, 2016, be modified as follows:

1.  On page 4, the last paragraph is deleted and the following paragraph is inserted in its place:

Defendant contends on appeal that the jacket stolen on December 22 was recovered, since he was taken to the security office immediately after the theft and he must have been wearing the jacket at the time of his arrest.  However, defendant did not present any evidence to support that contention at the restitution hearing.  Once the prosecution established a prima facie case that the victim was entitled to the restitution amount claimed, the burden shifted to defendant to disprove the claimed loss.  (*Gemelli*, *supra*, 161 Cal.App.4th at p. 1543.)  Because defendant failed to present any evidence at the restitution hearing regarding the recovery of the jacket, he did not satisfy his burden

to refute that claimed loss.  Accordingly, we find no abuse of discretion in ordering defendant to pay $2,534 in restitution to Abercrombie & Fitch.

There is no change in the judgment.

The petition for rehearing is denied.

_____
RUSHING, P.J.

_____
MÁRQUEZ, J.

_____
GROVER, J.

Filed 5/2/16  P. v. Ngo CA6 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041981 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1473226) |
| v. | |
| VY CHI NGO, | |
| Defendant and Appellant. | |

Defendant Vy Chi Ngo challenges a victim restitution order in the amount of $2,534.  Defendant pleaded no contest to one count of grand theft (Pen. Code, §§ 484–487, subd. (a)[1]) based on taking merchandise from a retail store.  He asserts that one of the stolen items, a jacket, was recovered at the time of his arrest, and that the restitution amount must therefore be reduced by the value of the jacket ($160).  We conclude that the trial court did not abuse its discretion in setting the restitution order amount, and we will affirm the judgment.

## I.   FACTUAL BACKGROUND AND TRIAL COURT PROCEEDINGS

On December 22, 2013, Loss Prevention Officer Norm Bryan A. Cruz observed defendant conceal four bottles of cologne in his shirt while he was inside the Abercrombie & Fitch store at the Valley Fair Mall.  Cruz saw defendant walk past all the cashiers and leave the store without paying for the cologne.  Cruz approached defendant outside the store, and San Jose Police Officer Jonathan D. Shaheen joined them shortly

---

[1]  Unspecified statutory references are to the Penal Code.

thereafter. Officer Shaheen placed defendant in handcuffs and escorted him to the Abercrombie & Fitch security office. Officer Shaheen recovered four bottles of cologne that were hidden inside defendant's shirt. Defendant was then arrested and transported to jail.

Cruz reviewed store security footage, which revealed that defendant had also stolen a blue and green jacket on December 22, as well as other items on December 14, 18, and 20. The security footage showed that on each of those four days, defendant entered the store without a jacket, concealed various items in his clothes, and then left the store wearing a stolen jacket and concealing merchandise in his clothes.

Defendant was charged with one count of grand theft of personal property valued over $950 (§§ 484–487, subd. (a)) taking place "[o]n or about and between" December 14 and December 22, 2013. After defendant pleaded no contest, the trial court suspended imposition of sentence for three years and placed defendant on formal probation. Among other conditions of probation, the trial court ordered defendant to serve 90 days in jail and to pay restitution.

The trial court held a formal restitution hearing. A probation report recommended that defendant be ordered to pay Abercrombie & Fitch $2,534 in victim restitution. A statement of loss submitted by Abercrombie & Fitch provided a detailed accounting of property lost in the four thefts. The statement of loss included a description of the stolen items, the quantity of the items taken, the date of theft, and the value of the items. The statement reported 35 bottles of cologne and four outerwear jackets stolen, for a total value of $3,006. The statement of loss also noted that four bottles of cologne, valued at $472, were recovered. The victim claimed the remaining amount of $2,534 as the total economic loss. The trial court also reviewed security footage of the four thefts, the police report, and a report prepared by defendant's investigator.

Defendant argued that no restitution was owed. Defendant pointed out that on December 22, he was caught with four bottles of stolen cologne on his person, and "the

2

property was returned in the same condition that it was taken." Defendant further asserted that the security videos were unclear as to the identity of the thief in the three earlier incidents and as to how many items were stolen. Defendant asserted that the security videos provided insufficient evidence to support restitution.

The prosecutor responded that defendant had pleaded no contest to stealing more than $950 worth of items from the store and that the security footage shows him stealing various items. The prosecutor argued that defendant presented no evidence to refute the total amount of loss claimed.

The trial court ordered $2,534 in victim restitution. The court found that the victim showed economic loss of $2,534 by a preponderance of the evidence, and that defendant had not adequately refuted the claimed loss.

## II. DISCUSSION

Victims of crime have a state constitutional right to restitution for losses resulting from criminal acts against them. (Cal. Const., art. I, § 28, subd. (b)(13)(A).) The Legislature has codified this right in section 1202.4, which provides in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) Section 1202.4, subdivision (f)(3) sets forth several categories of losses for which a victim may claim reimbursement, including "[f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property … ." (§ 1202.4, subd. (f)(3)(A.)

A defendant is entitled to a restitution hearing "to dispute the determination of the amount of restitution." (§ 1202.4, subd. (f)(1).) "The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319–1320, citing *People v. Gemelli* (2008)

161 Cal.App.4th 1539, 1542 (*Gemelli*).) "Section 1202.4 does not, by its terms, require any particular kind of proof. However, the trial court is entitled to consider the probation report, and, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the value of stolen or damaged property." (*Gemelli,* at pp. 1542–1543.) After the prosecution has made a prima facie showing of the victim's loss, "the burden shifts to the defendant to disprove the amount of losses claimed by the victim." (*Id.* at p. 1543.) "Absent a challenge by the defendant, an award of the amount specified in the probation report is not an abuse of discretion." (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048.)

We review a restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " (*People v. Mearns* (2002) 97 Cal.App.4th 493, 499.)

Here, the prosecution made a prima facie showing of Abercrombie & Fitch's economic loss of $2,534. It presented security footage showing defendant entering the store on December 14, 18, 20 and 22 and stealing various items, including jackets and bottles of cologne. Further, the prosecution submitted Abercrombie & Fitch's statement of loss, which detailed the items that were stolen on those four dates and the retail value of those stolen items. The statement of loss also specified the recovered items, which consisted of the four bottles of cologne stolen on December 22. The statement of loss explicitly stated that the jacket at issue was not recovered.

Defendant contends on appeal that the jacket stolen on December 22 was recovered, since he was taken to the security office immediately after the theft and he must have been wearing the jacket at the time of his arrest. However, defendant made no such argument to the trial court, nor did he present any evidence to support that contention at the restitution hearing. Once the prosecution established a prima facie case that the victim was entitled to the restitution amount claimed, the burden shifted to

4

defendant to disprove the claimed loss. (*Gemelli*, *supra*, 161 Cal.App.4th at p. 1543.) Because defendant failed to present any evidence or argument at the restitution hearing regarding the recovery of the jacket, he did not to satisfy his burden to refute that claimed loss. Accordingly, we find no abuse of discretion in ordering defendant to pay $2,534 in restitution to Abercrombie & Fitch.

## III.    DISPOSITION

The judgment is affirmed.

_____

Grover, J.


**WE CONCUR:**


_____

Rushing, P.J.


_____

Márquez, J.