Filed 10/21/21  P. v. Munns CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW MUNNS,<br><br>　　Defendant and Appellant. | B308969<br><br>Los Angeles County<br>Super. Ct. No. BA482599 |

　　APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Affirmed.

　　Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Matthew Munns pled no contest to assault. (Pen. Code[1], § 245, subd. (a)(4).) The trial court sentenced him to probation for three years and ordered him to pay the victim $1,390 in restitution. On appeal, Munns contends only that the trial court erroneously determined the amount of the restitution award. We hold the trial court acted within its discretion in determining the restitution award. Accordingly, we affirm.

# BACKGROUND

The Los Angeles County District Attorney filed an information charging Munns with battery with serious bodily injury and assault by means of force likely to produce great bodily injury. (§§ 243(d), 245(a)(4).) Pursuant to a plea agreement, Munns pled no contest to assault. (§ 245(a)(4).) The trial court imposed a suspended sentence and placed Munns on probation for three years.

At the subsequent restitution hearing, the victim testified that Munns punched him and stole his cell phone. The parties stipulated the victim incurred $740 in medical costs as a result of the assault. The victim testified he went to T-Mobile to find the cost of a replacement cell phone. Because they no longer carried the same phone, the employees instructed the victim to look for a replacement on eBay. The victim testified eBay was the only place he could find a comparable phone and testified the cost was $650. Munns' attorney cross-examined the victim, but her only questions related to whether the phone was an S or SE model. On

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

redirect examination, the victim clarified the replacement phone had 32 gigabytes of memory while his original phone had 64 gigs of memory.

After the victim left the stand, the trial court asked the parties if they wanted to be heard. Both parties declined. Munns' attorney called no other witnesses, nor did she present any other evidence. The trial court subsequently issued its ruling and ordered Munns to pay $1,390 to the victim in restitution ($740 for medical expenses, plus $650 for the value of the phone). Munns' attorney made no objection to the trial court's finding.

Munns timely appealed.

## DISCUSSION

Munns contends the trial court erred because it failed to award the actual cost of a "like" replacement for the stolen cell phone. Consequently, Munns contends the "unlike" replacement phone cost is an "unnecessary high price" and causes "unfair compensation" to the victim. Munns further claims the victim made "no good faith effort" to find a comparable phone. In sum, Munns argues the trial court abused its discretion because, considering all of the circumstances, its determination of the value of the phone was arbitrary, capricious, or exceeded the bounds of all reason.

The Attorney General argues Munns' claim lacks merit because there was a factual and rational basis for the trial court's finding that the replacement cost of the stolen phone was $650. We agree with the Attorney General.

"There is 'a broad constitutional mandate of California Constitution, article I, section 28, subdivision (b), that restitution must be imposed "in every case . . . in which a crime victim suffers a loss . . . ."' [Citation.]" (*People v. Kelly* (2020) 59

3

Cal.App.5th 1172, 1178.) Section 1202.4, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime." "A victim's restitution right is to be broadly and liberally construed. [Citations.]" (*People v. Mearns* (2002) 97 Cal.App.4th 493, 500-501.)

Section 1202.4, subdivision (f) provides: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court. . . . The court shall order full restitution." Section 1202.4, subdivision (f)(3) states restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct," including "[f]ull or partial payment for the value of stolen or damaged property." "The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (§ 1202.4, subd. (f)(3)(A).)

"The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution." (§ 1202.4, subd. (f)(1).) "Restitution hearings are intended to be informal." (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 684.) "The standard of proof at a restitution hearing is preponderance of the evidence[.]" (*People v. Trout-Lacy* (2019) 43 Cal.App.5th 369, 373.) "Courts have broad discretion in fixing the amount of restitution, and they may use any rational method,

4

provided it is reasonably calculated to make the victim whole. [Citation.]" (*People v. Hurtado* (2019) 35 Cal.App.5th 871, 878.)

At the restitution hearing, the burden is on the prosecution to make a prima facie showing of the victim's economic loss. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) "Section 1202.4 does not by its terms require any particular type of proof." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542-1543.) "[I]t is well settled that 'statements by the victims of the crimes about the value of the property stolen constitute "prima facie evidence of value for purposes of restitution." [Citations.]' [Citations.]" (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690-691.) Once the victim makes "'a prima facie showing of his . . . loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim. [Citations.]' [Citation.]" (*People v. Millard, supra,* 175 Cal.App.4th at p. 26.)

"On appeal, we review the trial court's order for abuse of discretion. [Citation.] No abuse of discretion occurs if the restitution order is supported by a rational and factual basis. [Citation.] We reverse only if the trial court's order is arbitrary or capricious. [Citation.]" (*People v. Aguilar* (2016) 4 Cal.App.5th 857, 862.) "'"On appeal, we presume that a judgment or order of the trial court is correct, "'[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'"'[Citation.]' [Citation.]" (*People v. Hurtado, supra,* 35 Cal.App.5th at p. 878.)

Munns argues the trial court erred by failing to question the victim about his representation of the cost of the phone. As discussed above, however, "at the restitution hearing, it is the defendant's burden to prove 'that the amount claimed is excessive.' [Citation.]" (*People v. Kelly, supra,* 59 Cal.App.5th at

p. 1185.) Here, Munns presented no evidence to show the cost of the phone was "too high" as he now claims on appeal. In fact, Munns offered *no* evidence about the cost of the replacement phone. "Given defendant's failure to offer any evidence to challenge [ ] the amount[ ] presented, the trial court did not abuse its discretion in awarding" the amount it did. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048.)

Munns further claims the victim failed to provide documents or evidence to support the replacement cost of the phone. As noted above, however, section 1202.4 authorizes the trial court to rely on "the amount of loss claimed by the victim[.]" (§ 1202.4, subd. (f).) Here the victim testified to the replacement cost based on an eBay search. When Munns' attorney cross-examined the victim, she asked only about the phone's model number. In fact, Munns offered *no* evidence about the replacement cost of the stolen phone. "[I]t is up to the defendant ""to demonstrate that the amount of the loss is other than that claimed by the victim,"" namely, that the amount claimed is excessive. [Citation.]" (*People v. Weatherton, supra,* 238 Cal.App.4th at p. 684.) For the reasons discussed above, Munns has failed to show the trial court abused its discretion in determining the restitution amount.

Finally, Munns contends the victim made "no good effort to compare prices" for a replacement phone. In support, Munns claims the same phone the victim testified about is still "on today's eBay" (presumably referring to the date of Munns's brief in this court). According to Munns, it is therefore "impossible" the victim saw no other lesser offers for a like replacement phone. Not only is this last argument an impermissible attempt to

introduce new evidence on appeal, it is a non-sequitur. We need not address it further.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.

We concur:


MANELLA, P.J.


WILLHITE, J.