Filed 9/23/20  P. v. Jordan CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA ANTHONY JORDAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B304003<br>(Super. Ct. No. 19F-05791)<br>(San Luis Obispo County) |

Joshua Anthony Jordan was ordered to pay $4,000 victim restitution after he stole a customized Ford truck and drove it down a ravine fleeing the police.  Appellant appeals, contending that the restitution award is excessive because the Kelly Blue Book value for a stock 1997 Ford F-150 truck is $2,502.  We affirm.

*Procedural History*

In 2019 appellant was charged with unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), receiving

stolen property (count 2; Pen. Code, § 496D, subd. (a))[1], fleeing the police with reckless disregard (count 3; Veh. Code, § 2800.2, subd. (a)), and two counts of resisting an officer (counts 4-5; § 148, subd. (a)(1)).  Appellant pled no contest to unlawful driving or taking a vehicle (i.e., a 1997 Ford F-150 truck) and fleeing an officer with reckless disregard.  The other counts were dismissed, subject to a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) permitting the trial court to consider the facts of the dismissed counts in ordering restitution.  (See, e.g., *People v. Ozkan* (2004), 124 Cal.App.4th 1072, 1078.)  Appellant agreed to pay the truck owner, James Shull, victim restitution and was sentenced to two years eight months state prison.

At the restitution hearing, Shull stated that he bought the truck for $4,000.  It was a "beach truck" with raised 21-inch tires, a high-performance engine, and a new transmission, rear end and drive shaft.  "[T]he drivetrain and everything had been replaced . . . .  [T]hat was why I bought it." The truck had electrical problems that caused the battery to discharge and the headlights worked only on low beam.  "I was still driving it.  I would just take another battery with me" and "when the battery would start going low, I'd change the battery and come home with it."

Appellant claimed the truck had a Kelly Blue Book value ranging from $1,095 to $2,502.  The trial court credited Shull's testimony that the truck was worth more.  (See Evid. Code, § 813, subd. (a)(2) [owner may opine on property's value].)  "Those upgrades . . . make the truck vehicle more ready to be taken off-road or [to] the dunes or the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

beach . . . . I don't have anything to suggest that the amount [the victim] paid for it was an unreasonable amount or that it had declined in value."

*The Tricked-Out Truck*

We review for abuse of discretion (*People v. Millard* (2009) 175 Cal.App.4th 7, 26 (*Millard*)) based on the principle that restitution is to make the victim whole. (§ 1202.4, subd. (f); *People v. Baker* (2005) 126 Cal.App.4th 463, 470 (*Baker*).) Shull's testimony on the value of the truck is prima facie evidence of its replacement cost and supports the restitution award. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.) Shull paid a $4,000 premium purchase price because the truck had special upgrades that made it a good beach or off road truck. That was corroborated by what appellant did with the truck. Fleeing the police, appellant drove it down a steep ravine in a national forest area. Appellant argues that the $4,000 award is a windfall because the truck was "non operable," a contradiction in terms for a truck thief who wants to outrun the police. Appellant lead the police (spare battery and all) on a chase into a national park and drove it down a ravine. Appellant's trial attorney stipulated the truck was a total loss "[a]nd I don't think there is any way that that truck could be pulled out of there." The trial court did not abuse its discretion in concluding that the truck was worth more than the Kelly Blue Book value for a stock Ford F-150 truck.

Appellant argues the trial court should have considered Shull's contributory negligence, but the issue was forfeited. On the merits, there is no evidence that Shull was contributorily negligent (see, e.g., *Millard*, *supra*, 175 Cal.App.4th at p. 37) or that the restitution award exceeds the bounds of reason. (*Baker*, *supra*, 126 Cal.App.4th at p. 470.)

3

*Disposition*

The judgment ($4,000 victim restitution award) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

4

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, Kristen J. Inberg, Deputy Attorney General, for Plaintiff and Respondent.