Filed 10/27/20  P. v. Zacevich CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KATHERINE VIRGINIA ZACEVICH,<br><br>      Defendant and Appellant. | A158188<br><br>(Humboldt County<br>Super. Ct. No. CR1703322) |

Defendant Katherine Virginia Zacevich appealed after she was ordered to pay victim restitution for driving through a gate at a power plant.  Her appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  We find no arguable issues and affirm.

Zacevich pleaded guilty to one count of felony vandalism (Pen. Code, § 594, subd. (b)(1)) and one count of misdemeanor resisting arrest (*id.*, § 148, subd. (a)(1)) in connection with driving through a King Salmon PG&E plant's security gate in August 2017.  The plea form Zacevich signed indicated she understood the court would order her to pay restitution in an amount to be determined.  The trial court in January 2019 suspended imposition of sentence, placed Zacevich on three years' probation, and imposed various fines and fees.

1

Less than two months later, a petition to revoke Zacevich's probation was filed alleging that Zacevich engaged in disorderly conduct and failed to report to her probation officer. Zacevich admitted the violation, and the trial court reinstated probation and ordered Zacevich to serve 120 days in jail.

The court also ordered Zacevich to pay victim restitution, but because she disputed the amount the trial court scheduled a hearing. PG&E completed a probation department restitution claim form and stated it sought $2,950 to repair and replace the gate Zacevich damaged. At a contested restitution hearing held in August 2019, the prosecution asked for that full amount in restitution. Zacevich's counsel argued that the form did not establish a prima facie case for restitution because there were no receipts or other supporting documentation provided. The trial court acknowledged that "some additional documentation would be appreciated" but agreed with the prosecution that the rules of evidence were "very lenient." The trial court received the form into evidence and ordered Zacevich to pay the full amount sought, and Zacevich timely appealed.

The trial court did not abuse its discretion in awarding the requested victim restitution despite a lack of documentation. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1541–1543 [no abuse of discretion to award restitution where victim listed losses but did not provide receipts].) The amount PG&E listed was consistent with testimony from the investigating sheriff's deputy, who spoke with PG&E officials about the loss and testified at the preliminary hearing. Zacevich did not present any evidence to rebut the claimed losses, and she did not file a supplemental brief with this court after her attorney informed her she had the right to do so. We find no arguable issues.

The August 8, 2019 restitution order is affirmed.

2

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Sanchez, J.


_People v. Zacevich_  A158188