Filed 1/13/22  P. v. Jacopetti CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DENNIS JACOPETTI,<br><br>Defendant and Appellant. | C092963<br><br>(Super. Ct. No. 16FE011744) |

This case arises from defendant Dennis Jacopetti's deplorable actions including the swindling of numerous individuals by falsely representing himself as an attorney and using that position of trust to obtain money and property.  Defendant's partial no contest plea resolved the third amended felony information that had charged 24 counts of criminal conduct involving no less than 11 victims, including an admission that he took over $500,000 from his victims.  Thereafter, the court awarded the victims restitution, which defendant opposed in select instances.  Defendant's appeal challenges one of those

1

awards, arguing the trial court abused its discretion in awarding $6,600 in victim restitution to D.S. and T.S., a married couple, who were the victims of the conduct charged in count 23. We affirm the award.

## FACTUAL AND PROCEDURAL BACKGROUND

The third amended felony information charged defendant with grand theft (Pen. Code, § 487, subd. (a);[1] counts 1, 4, 6, 10-17, 23-24); filing a false or forged instrument with the county recorder's office (§ 115, subd. (a); count 2); taking or driving a motor vehicle with intent to deprive the owner of title to or possession of the vehicle (Veh. Code, § 10851, subd. (a); count 3); identity theft (§ 530.5, subd. (a); count 5); forgery (§ 470, subds. (c), (d); counts 7-9); fraudulently inducing a person to sign a contract (Civ. Code, § 2945.4, subds. (a), (e), (f); counts 18-20); and unlawful practice of law (Bus. & Prof. Code, § 6126, subd. (a); count 21). The information also alleged as to counts 8 and 9 that defendant had been released on bail when those offenses were committed (§ 12022.1) and as to all counts that defendant had engaged in a series of felonies the material element of which was fraud and embezzlement in an amount exceeding $500,000 (§ 186.11, subd. (a)) (a great-taking enhancement).

Defendant resolved the matter by pleading no contest to counts 1, 2, 4, and 9, as well as admitting the on-bail enhancement and the great-taking enhancement in exchange for a stipulated prison sentence of 12 years. The remaining charges and allegations were dismissed with a *Harvey*[2] waiver for purposes of restitution.

On February 16, 2018, defendant was sentenced in accordance with the plea agreement. He was also ordered to pay certain fees and victim restitution. The court retained jurisdiction to award further restitution to other victims of defendant's crimes.

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

We upheld this judgment in an unpublished opinion and remanded the matter to allow the trial court to impose the mandatory fines that had been improperly omitted. (*People v. Jacopetti* (Jan. 4, 2021, C087980, C089164) [nonpub. opn.].)

Thereafter, on September 15, 2020, the district attorney filed a brief requesting victim restitution for various individual victims, including $6,600 for D.S. and T.S., who had agreed to rent defendant's house for a year for $3,300 monthly with an option to purchase that house at the end of the year. D.S. and T.S. paid defendant $3,300 for the first month of rent and $3,300 for a security deposit. D.S. and T.S. provided the district attorney's investigator with a copy of the last check. D.S. and T.S. did not know the house was in foreclosure and would not have rented it if they had known.

Defendant opposed this request, arguing that D.S. and T.S. lived in the house from July 2016 to February 2017 and did not pay rent beyond the original $6,600 prior to the foreclosure sale that occurred in November 2016. The pending bankruptcy had stayed the foreclosure such that defendant still owned his house at the time of the rental agreement. At the September 18, 2020 restitution hearing, defendant reiterated his request that *no* restitution be awarded to D.S. and T.S. The court took the matter under submission.

On October 2, 2020, the court announced its decision awarding $6,600 in restitution to D.S. and T.S. The court reasoned that defendant had been found to have taken rent for a property that he did not have any right to. Thus, defendant should be required to return the $3,300 in rent he collected from the victims. Further, defendant also collected a $3,300 security deposit, which could not be applied as rent in any event. As such, defendant would be required to pay $6,600 in restitution to D.S. and T.S. Defendant did not object, but he did timely appeal the court's written order awarding restitution.

3

Defendant argues the trial court's award of victim restitution of $6,600 to D.S. and T.S. was an abuse of discretion. He reasons that because they agreed to pay $3,300 a month to rent defendant's house and lived in that house starting in July 2016 and paid no additional rent until the foreclosure sale in November 2016, any award of victim restitution would be a windfall. We disagree.

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court." (§ 1202.4, subd. (f).) The restitution order "shall be of a dollar amount that is sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct." (§ 1202.4, subd. (f)(3).)

At a victim restitution hearing, the People may make a prima facie case for restitution based on the victim's testimony or on some other claim or statement as to the amount of his or her economic loss. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26 (*Millard*).) "A property owner's statements in the probation report about the value of [his or] her property should be accepted as prima facie evidence of value for purposes of restitution." (*People v. Foster* (1993) 14 Cal.App.4th 939, 946-947; accord, *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.)

Once the People have made a prima facie case for restitution, the burden shifts to the defendant to "demonstrate" the true amount of the loss is different from that claimed by the victim. (*Millard, supra*, 175 Cal.App.4th at p. 26; see also *People v. Giordano* (2007) 42 Cal.4th 644, 664 (*Giordano*).) The standard of proof at the hearing is preponderance of the evidence. (*Millard*, at p. 26.)

We review the trial court's restitution order for abuse of discretion. (*Giordano, supra*, 42 Cal.4th at p. 663.) We presume the judgment correct, and to set it aside an

appellant must affirmatively show error. (*Id.* at p. 666.) If the court used a rational method of determining the victim's loss, so that the order is not arbitrary or capricious, we will uphold the order. (*Id.* at p. 665; *People v. Garcia* (2011) 194 Cal.App.4th 612, 617.) Factors necessary to the court's determination depend on the particular circumstances before the court. (*Giordano*, at p. 665.)

Here, defendant was charged in count 23 with grand theft (§ 487, subd. (a)) based on the unlawful taking of the money he obtained from D.S. and T.S. for renting a house that was subject to foreclosure proceedings. The People sought $6,600 in restitution. The court awarded the requested amount reasoning that defendant had taken money from D.S. and T.S. for rent and a security deposit that he had no legal right to.

Defendant has not demonstrated this was an abuse of discretion. At its core, defendant is seeking to offset his liability based on the fact that D.S. and T.S. lived in his house from July 2016 to February 2017. However, the indisputable facts show that he took $6,600 from these victims under false pretenses, knowing the property was subject to foreclosure, and that the promised option to purchase the property at the end of the year term would not come to pass.[3] Defendant has provided no legal authority showing as a matter of law that it was an abuse of discretion for the trial court to reject defendant's requested offset of liability.[4] Nor has our independent research uncovered any such authority. (See, e.g., *People v. Brunette* (2011) 194 Cal.App.4th 268, 285-287 [trial court's decision to reject defendant's claim that the restitution award should have been

---

[3]    That defendant was disingenuous concerning the rental of this house is supported by his duping of another victim, S.S., who paid defendant $3,300 to rent that house in May 2016, but who learned of the foreclosure shortly thereafter and was unable to stop payment of his check.

[4]    *People v. Chappelone* (2010) 183 Cal.App.4th 1159, which concerned the calculation of the value of property that had been returned to Target following that defendant's theft, is inapposite to this case.

5

offset by funds recovered from adopting the dogs seized because of defendant's misconduct was not error].)

Moreover, it appears that the bank did foreclose on the property in November 2016 and that the victims quit the property in February 2017. There is nothing in the record to suggest that they were returned their security deposit or afforded the promised opportunity to purchase the property at the end of the year term. On this record, we conclude the trial court did not abuse its discretion in determining that the victims were damaged by defendant's actions in the amount of $6,600.

## DISPOSITION

The court's postjudgment restitution award is affirmed.


/s/_____
Hoch, J.



We concur:



/s/_____
Mauro, Acting P. J.



/s/_____
Murray, J.