Filed 1/24/24  P. v. Gantz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C098294 |
| Plaintiff and Respondent, | (Super. Ct. No. 62169222) |
| v. | |
| MEGHAN ELISABETH GANTZ, | |
| Defendant and Appellant. | |

Defendant Meghan Elisabeth Gantz pled no contest to resisting a peace officer and illegal possession of a firearm and was placed on two years of formal probation.  The trial court then presided over a restitution hearing and ordered Gantz to pay restitution directly to her victims totaling $60,312.24.  Gantz appeals from the restitution order.  She argues the trial court abused its discretion in ordering her to pay $60,312.24; the People concede the error.  We will accept the People's concession and remand the matter for a new restitution hearing.

1

BACKGROUND

In February 2022, Gantz pled no contest to resisting a peace officer and illegal possession of a firearm. The remaining charges were dismissed; a burglary charge was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The trial court suspended imposition of sentence and placed Gantz on two years of formal probation. Following Gantz's conviction, the trial court held a hearing on victim restitution. The victims sought reimbursement for the cost of a fence they built to secure their home after Gantz's criminal conduct caused them to lose their sense of security.

At the hearing, one of the victims, Jonathan A., testified that after Gantz broke into his and his wife's home they installed motion sensor lights and a larger dead bolt to increase their sense of security. They also changed their locks, bought a firearm, and got a dog. In the summer of 2020, the victims built a fence to signal to others that their property was private property. The fence helped the victims sleep better at night.

Jonathan spent six to eight hours a day during the COVID quarantine building the fence. He cut down their own cedar trees and milled them to a "special thickness" not available in stores. The victims hired a neighbor to move rocks and dig postholes for the fence. When completed, the fence was 400 feet long and completely surrounded the victims' home. According to the victims, building the fence themselves was cheaper than hiring someone to do the job.

Jonathan testified that he missed "some work" while building the fence. Because it was during the COVID quarantine, however, work was already slow, and he had "a lot of free time." He testified that his hourly rate averaged $75 an hour. To establish the cost of building the fence, Jonathan received estimates from two construction companies. One estimate, dated December 13, 2021, said the cost to build that fence would be approximately $56,324.48. In December 2022, a different construction company estimated it would cost approximately $64,300 to build that fence. Both estimates included the cost of materials and labor.

The trial court later issued an oral ruling. The trial court found the fence was built to provide security for the victims in their home. The fence, the trial court ruled, was "a reasonable security precaution to address their recurring fears of home invasion due to the actions of the Defendant." The trial court considered both estimates provided by the victims and found the average of the two to be $60,312.24. The trial court thus ordered Gantz to pay the victims $60,312.24 in restitution. The trial court also ordered Gantz to pay Jonathan $250 for mileage incurred and lost wages for attending the restitution hearing. Gantz appeals from this order.

DISCUSSION

Gantz contends the trial court's restitution order provides the victims with a "windfall" because "there was no evidence of out-of-pocket expenses," no determination of the value of the victims' time spent building the fence, and no consideration of the value added to their property resulting from the fence's construction. The People agree and concede the error.

"A defendant has a right to a hearing 'to dispute the determination of the amount of restitution.' (§ 1202.4, subd. (f)(1).) 'The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt.' (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319.) 'Section 1202.4 does not, by its terms, require any particular kind of proof. However, the trial court is entitled to consider the probation report, and, as prima facie evidence of loss, may accept a property owner's statement made in the probation report about the' loss. [Citation.] Prima facie evidence of loss may also be based on the victim's testimony. [Citation.] 'Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of the losses claimed by the victim.' [Citations.] 'A restitution order is reviewed for abuse of discretion and will not be reversed unless it is arbitrary or capricious. [Citation.] No abuse of discretion will be

3

found where there is a rational and factual basis for the amount of restitution ordered.' " (*People v. Shelly* (2022) 81 Cal.App.5th 181, 198-199.)

Here, the parties agree it was an abuse of discretion to award the victim $60,312.24 in restitution. First, there is no evidence that the victims spent $60,312.24 to build the fence. Jonathan presented no evidence to quantify the value of the materials he used or the cost of hiring his neighbor to help move rocks and dig postholes. (See *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1544 [victim provided a detailed, credible list of claimed losses].) Nor did Jonathan catalog the hours of work he missed, saying only that he did not miss a lot of work because work was already slow. (*Ibid*.)

Second, the admission of two estimates from professional contractors does not establish the cost of the fence. The labor costs included in those estimates do not reflect the value of Jonathan's time because he is not a professional contractor, with experience building fences. Moreover, it was improper to rely solely on estimates from companies who in fact did not build the fence to determine the costs to victims in building the fence.

Finally, the trial court should have considered any value added to the victims' property as a result of the fence's construction. If the fence added value to the property, this may offset some of the victims' financial losses. (Cf. *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1178-1180 [court abused discretion ordering the defendant to pay profit on stolen merchandise without proof retailer suffered a profit loss]; see also *People v. LaRoche* (2023) 96 Cal.App.5th 1020, 1025-1026 [restitution to victim is limited to value of economic loss].)

Accordingly, on this record, we accept the People's concession, reverse the restitution order, and remand the matter for a new restitution hearing.

## DISPOSITION

The order requiring Gantz to pay restitution in the amount of $60,312.24 is reversed and the matter is remanded to the trial court for a new restitution hearing.

> /s/
> _____
> BOULWARE EURIE, J.

We concur:

/s/
_____
DUARTE, Acting P. J.


/s/
_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.