Filed 12/11/24 P. v. Valdez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISAAC RICHARD VALDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B333835<br>(Super. Ct. No. 21CR08280)<br>(Santa Barbara County) |

Isaac Richard Valdez appeals from the restitution orders entered after he pleaded guilty to sexual battery of an unlawfully restrained person (Pen. Code,[1] § 243.4, subd. (a)) and annoying a child under the age of 18 (§ 647.6). The trial court ordered Valdez to serve three years of formal probation, including 180 days in county jail. It also ordered him to pay over $1.2 million in restitution to Jane Doe and her mother.

Valdez contends: (1) the restitution ordered for Doe's future mental health counseling was either unsupported by the evidence

---

[1] Statutory references are to the Penal Code.

or miscalculated, and (2) the restitution ordered for Doe's past economic losses should have been awarded to her mother and should be reduced to conform to the evidence presented at the restitution hearing. The Attorney General agrees with Valdez's contentions. We do too, vacate the trial court's restitution order, and remand.

FACTUAL AND PROCEDURAL HISTORY

In April 2022, prosecutors charged Valdez with two counts of committing lewd or lascivious acts on a child (§ 288, subd. (a)). Six months later, they agreed to dismiss those charges if Valdez pleaded guilty to sexual battery and annoying a child, served a three-year probation term, and paid restitution to his victims. Valdez took the plea, and agreed that the trial court could "consider [the] facts underlying [the] dismissed counts [when] determin[ing] restitution." (See *People v. Harvey* (1979) 25 Cal.3d 754, 758.)

Prior to the restitution hearing Doe provided a victim impact statement describing how Valdez's offenses affected her. The statement also set forth Doe's belief that the abuse she endured would require her to receive mental health counseling for the next 40-plus years. She claimed that counseling would cost $1,500 per month.

Doe attempted to take her own life the week before the restitution hearing and was unable to attend. At the hearing Doe's mother provided documents showing that Doe had been diagnosed with posttraumatic stress disorder, anxiety, and depression after Valdez abused her. She bought Doe a therapy dog to help with her panic attacks.

Doe's mother said she paid for counseling for both herself and Doe. Documents she provided to the court showed that Doe's

2

treatments generally cost $500 every four weeks, with some four-week periods costing as much as $560. Doe's mother also paid for a security system and entrance camera for Doe's apartment. She was required to use vacation time to attend court proceedings, and incurred travel-related expenses.

The trial court determined that Doe was entitled to more than $1.2 million in restitution: $400,000 for noneconomic damages stemming from the dismissed lewd or lascivious acts charges,[2] $810,000 for the costs of future mental health counseling (calculated at a rate of $1,500 per month for 45 years), and nearly $12,000 for the costs of her therapy dog ($264), past counseling sessions ($10,722), and holistic treatments ($905). The court determined that Doe's mother was owed more than $16,000 in restitution for the security system, her own counseling sessions, and expenses to attend court.

## DISCUSSION

### *Legal principles*

A crime victim is constitutionally entitled to restitution from the person convicted of the crime(s) causing their losses. (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Such a victim is entitled to "full restitution" of their economic losses, so long as they show, by a preponderance of the evidence, that they suffered the losses "as a result of the defendant's conduct." (§ 1202.4, subd. (f); *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.)

When seeking restitution, a victim must present "an

---

[2] Restitution is permitted for noneconomic losses stemming from violations of section 288. (§ 1202.4, subd. (f)(3)(F).) It may be imposed for dismissed charges when a defendant executes a *Harvey* waiver. (§ 1192.3, subd. (b).) Valdez does not challenge the award of restitution for Doe's noneconomic losses.

3

adequate factual basis for [their] claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664 (*Giordano*).) Once they put forth prima facie evidence of loss, "the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." (*People v. Prosser* (2007) 157 Cal.App.4th 682, 691 (*Prosser*).)

"[A] trial court has broad discretion to choose a method for calculating the amount of restitution," but the method chosen must be "rationally designed to determine the surviving victim's economic loss." (*Giordano*, *supra*, 42 Cal.4th at pp. 663-664.) The court also has " ' " 'virtually unlimited discretion as to the kind of information [it] can consider and the source[s] [from] whence [that information] comes' " ' " when making its restitution calculation. (*Prosser*, *supra*, 157 Cal.App.4th at p. 692.) We review that calculation for abuse of discretion, and will uphold it so long as the factual findings underlying it are supported by substantial evidence. (*In re S.O.* (2018) 24 Cal.App.5th 1094, 1098.)

*Restitution awarded for Doe's future mental health counseling*

Valdez contends, and the Attorney General concedes, the trial court erroneously awarded Doe $810,000 in restitution for future mental health counseling because the amount was not supported by the evidence. We agree.

The trial court said that it calculated the costs of Doe's future mental health counseling based on "the approximate life span of . . . Doe, the current costs of [her] [m]ental [h]ealth [c]ounseling[,] and the expectation of future costs." But Doe was a few days shy of her 20th birthday when the restitution hearing occurred. And prosecutors provided evidence that the average female lifespan is 79 years. That amounts to 59 years, not 45, for

Doe's expected lifespan.  Additionally, the documents provided to the court showed that Doe's counseling cost between $500 and $560 per month, not $1,500.  Using the highest of these figures results in a cost of less than half the $810,000 calculated by the court below.  The matter must thus be remanded to rectify the inconsistencies between the evidence provided and the court's calculation.

*Restitution awarded for Doe's past losses*

Valdez contends, and the Attorney General again concedes, the nearly $12,000 awarded to Doe for her past economic losses (1) should have been awarded to her mother, who incurred those losses, and (2) reduced to conform to the evidence proffered for the restitution hearing.  We agree.  The documents presented at the hearing show that Doe's mother paid for the therapy dog, Doe's counseling sessions, and her holistic treatments.  Restitution for those costs should be paid to her, not Doe. (§ 1202.4, subd. (f)(3).)  The documents also show that Doe's counseling sessions cost $10,577, not $10,722.

DISPOSITION

The portion of the October 13, 2023, restitution order awarding Jane Doe $11,891 for economic losses for a therapy dog, past counseling sessions, and holistic treatments is vacated, and the trial court is directed to reduce this amount by $145 and award it to Doe's mother.  The portion of the order awarding Doe $810,000 for future mental health counseling is also vacated, and the matter is remanded for the trial court to conduct a new

5

restitution hearing consistent with this opinion.  In all other respects, the order is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

Patricia L. Kelly, Judge

Superior Court County of Santa Barbara

_____

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.