Filed 9/23/25  P. v. Osteen CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DARION OSTEEN, Defendant and Appellant. | B337586 (Los Angeles County Super. Ct. No. BA499076) |

APPEAL from an order of the Superior Court of Los Angeles County.  Gustavo N. Sztraicher, Judge.  Affirmed.

Torres & Torres and Steven A. Torres for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Defendant Darion Osteen pled no contest to one count of taking or driving a vehicle without the owner's consent. The trial court ordered Osteen to pay over $1,600 in victim restitution to the car's owner for damage caused to the car's steering column and ignition switch. Osteen contends the court erred in ordering him to pay victim restitution, claiming he did not cause the underlying damage to the car. We reject this argument and affirm.

# BACKGROUND

Around 8:00 p.m. on May 31, 2021, a police officer stopped Osteen while he was driving an SUV that had been reported stolen earlier that day. The officer noticed that the SUV's ignition switch was broken, and that the steering column had been dismantled and wrapped with black electrical tape. The officer also saw a pair of pliers in the cup holder that were used to start the car's ignition.

The People charged Osteen with driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)), alleging that he drove the vehicle with the intent to deprive the owner of title and possession of the vehicle. The People also alleged that Osteen suffered a prior strike conviction (Pen. Code, §§ 667, subd. (d), 1170.12) and a prior vehicle theft conviction (Pen. Code, § 666.5).

Osteen pled no contest to driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a). As part of the agreed-upon disposition, the court sentenced Osteen to 16 months in state prison, with credit for time served, and ordered him to pay victim restitution.

At the restitution hearing, the SUV's owner testified that his car was not damaged when he left it the night before he reported it stolen.  After recovering the car following Osteen's arrest, the owner noticed that the car's steering column and ignition switch had been damaged, which cost $1,625.48 to repair.  The pliers found in the cup holder did not belong to the owner, but he used them to start the car so that he could drive it home.

Osteen did not dispute the amount of damage claimed by the car's owner.  Instead, Osteen argued that he should not be required to pay victim restitution because he only drove the car in an unlawful manner.  There was no evidence, Osteen claimed, that he stole the car or otherwise damaged its steering column and ignition switch.  The court rejected Osteen's argument and ordered him to pay the car's owner $1,625.48 in victim restitution.

Osteen appeals.

## DISCUSSION

The People urge us to dismiss Osteen's appeal because he did not obtain a certificate of probable cause after he pled no contest to a violation of Vehicle Code section 10851, subdivision (a).  (See Pen. Code, § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096.)  In the alternative, the People argue that Osteen is estopped from challenging the restitution order because he agreed to pay victim restitution as part of his plea agreement.  We need not address these arguments because we reject Osteen's challenge to the victim restitution order on its merits.

The California Constitution requires the trial court to order victim restitution for losses suffered "as a result of criminal activity."  (Cal. Const., art. I, § 28, subd. (b)(13)(A) & (B).)

3

Restitution must be ordered "in every case in which a victim has suffered economic loss as a result of the defendant's conduct." (Pen. Code, § 1202.4, subd. (f).)  Restitution is limited to losses that were proximately caused by the conduct for which the defendant was convicted.  (*People v. Foalima* (2015) 239 Cal.App.4th 1376, 1395.)  The defendant's criminal conduct is the proximate cause of the victim's loss if it is "a substantial factor in bringing about the injury."  (*Id*. at p. 1396.)

The standard of proof at a restitution hearing is preponderance of the evidence.  (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319 (*Holmberg*).)  In determining the amount of restitution owed, the court may consider the probation report, including the victim's statements about the value of the damaged or stolen property.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.)

We generally review the trial court's restitution order for abuse of discretion.  (*People v. Crisler* (2008) 165 Cal.App.4th 1503, 1507.)  The court does not abuse its discretion where there is a factual and rational basis for its restitution award.  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)  As we explain, the court did not abuse its discretion when it ordered Osteen to pay victim restitution.

Contrary to Osteen's assertion that he was convicted of only driving a vehicle in violation of Vehicle Code section 10851, subdivision (a), he pled no contest to driving *or taking* a vehicle in violation of that statute.  That is, while the information alleged that Osteen drove the stolen vehicle with the intent to deprive its owner of title and possession, he pled no contest to a generic violation of that statute.  Indeed, when entering his plea, Osteen

admitted that he "committed the crime of driving or taking a vehicle without consent."

There was evidence from which the court could infer that Osteen took the victim's car and, in doing so, damaged the steering column and ignition switch so that he could start the car without its keys. When the victim left his car the night before Osteen was arrested, the car was undamaged. When the police found Osteen driving the car about 24 hours later, the car's steering column and ignition switch were damaged, and there was a pair of pliers inside the car that were used to start its ignition. There was no evidence that anyone other than Osteen stole the car or damaged the car's steering column and ignition switch.

Osteen relies on *Holmberg*. There, the defendant pled no contest to concealing stolen property after he received computer equipment that had been taken during several burglaries, including computers, hard drives, and Ethernet cables. (*Holmberg*, *supra*, 195 Cal.App.4th at pp. 1313–1315.) The trial court ordered him to pay more than $18,000 in victim restitution. (*Id*. at p. 1313.) On appeal, the defendant challenged the restitution order, arguing, among other things, that there was insufficient evidence to support the portion of the award attributable to the Ethernet cables, which, unlike the other stolen items, were not found at the defendant's home. (*Id*. at p. 1324.) The appellate court agreed and reversed the portion of the restitution award attributable to the cables, concluding there was no evidence that the defendant ever possessed them. (*Id*. at p. 1325.)

*Holmberg* is distinguishable. Here, it is undisputed that Osteen possessed the stolen property—i.e., the victim's car.

5

Further, as we just explained, there was evidence from which the court could infer that Osteen took the car and damaged its steering column and ignition switch so that he could start it without keys.

In sum, the court did not abuse its discretion when it ordered Osteen to pay $1,625.48 in victim restitution.

## DISPOSITION

The victim restitution order is affirmed.

VIRAMONTES, J.

WE CONCUR:

WILEY, Acting P. J.

RUBIN, J.*

---

*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.