Filed 3/23/26  P. v. Antracoli CA6

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052846 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2306310) |
| v. | |
| MATTHEW ANTRACOLI, | |
| Defendant and Appellant. | |

In April 2023, while Jorge Torres was walking his dog, he was shot and killed by Matthew Antracoli.  After pleading no contest to murder and a firearm enhancement, Antracoli was sentenced to 15 years to life in prison for the murder and a consecutive 10-year term for the enhancement.  The trial court later awarded over $25,000 in restitution to Torres's siblings, including $7,712 for the costs of caring for Torres' dog.

On appeal, Antracoli challenges the amount awarded for caring for Torres' dog.  In particular, Antracoli argues that the trial court abused its discretion by not deducting the dog's value from the award.  Because this argument was not raised below, we conclude it has been forfeited and affirm the restitution order.

## I. BACKGROUND

Because Antracoli pleaded no contest before the preliminary hearing, we draw the description below from the probation report and the sentencing hearing.

On April 19, 2023, in the middle of the day, Jorge Torres was walking his dog, a five-year-old pocket bully, around a town home complex in San Jose. Pocket bullies are valuable, and, according to the prosecutor, Torres paid between $1,500 and $2,000 for his dog. Pocket bullies also resemble French bulldogs, which have become a mascot for the Norteño criminal gang, of which Antracoli was a member.

When Torres and his dog approached Antracoli's car, Antracoli exited, tried to grab the dog, and fatally shot Torres. Multiple witnesses saw the shooting, which also was recorded on surveillance footage. In addition, a firearm with Antracoli's fingerprints was left on the roadway near Torres' body.

In May 2023, Antracoli was arrested and charged with murder under Penal Code section 187, subdivision (a). (Subsequent unspecified statutory references are to the Penal Code.) Shortly thereafter, Antracoli entered into a plea agreement under which he agreed to plead no contest to the murder charge as well as an enhancement for firearm use under section 12022.53. Antracoli also agreed to a stipulated sentence of 15 years to life on the murder charge with a consecutive 10-year sentence on the enhancement in exchange for dismissal of five charges in another case and a concurrent sentence on the remaining two counts.

At the sentencing hearing, the prosecutor requested restitution for the costs of Torres' funeral that the California Victim Compensation Board had paid, and Torres' siblings requested restitution for lost wages, parking fees, travel costs, increased housing costs incurred in caring for Torres' mother who had lived with him before his death, and—most pertinently to this appeal—the costs of taking care of Torres' dog. Accordingly, the trial court requested briefing on restitution and set a hearing.

The prosecutor submitted a memorandum with statements of loss from Torres' siblings. For Torres' dog, the prosecutor asked for $9,712 based on the dog's age and the American Kennel Club's estimate of the costs of caring for a dog of that size. Antracoli filed a response challenging the restitution sought. In particular, Antracoli challenged the

2

$9,712 sought for caring for Torres' dog. Antracoli argued that the dog was not a recognized victim entitled to recover costs on the dog's own part, that there was no competent evidence of the costs of caring for the dog, and that the prosecutor's calculation of the costs failed to discount for the time value of money. At the restitution hearing, Antracoli's counsel reiterated the objections that costs should not be awarded for the dog's care and that the prosecutor's estimate of those costs was not discounted for the time value of money. At the end of the hearing, the trial court informed the parties that it would issue a written order deciding the issues relating to restitution, which it did about three weeks later.

Although the trial court recognized in the hearing that Torres' sister was requesting $9,712 in costs for the caring for the dog, in the restitution order the court stated that the sister sought only $7,712 in costs. The court found that the sister was entitled to recover these costs and that the information concerning them provided by the prosecutor was persuasive. Accordingly, the trial court awarded "$7,712 for the cost of caring for the dog."

The day the restitution was issued, Antracoli filed a notice of appeal.

## II. DISCUSSION

In this court, Antracoli's only challenge to the restitution order is to the amount awarded for caring for Torres' dog. Torres contends that the trial court abused its discretion by not deducting the value of the dog from the award. Because Antracoli did not appear to raise this point in the trial court, and because the trial court's award appears to have awarded $2,000 less than the prosecutor's calculation of the costs, we asked for supplemental briefing addressing whether (1) Antracoli forfeited his objection concerning deduction of the value of the dog, (2) he presented evidence of the dog's current value, and (3) in light of the apparent error in the amount awarded, he suffered any prejudice. We need only reach the first issue: Because Antracoli did not argue in the trial court that

3

the value of the dog should be deducted from the restitution award, we conclude that issue has been forfeited.

Antracoli cannot challenge the restitution order for failing to deduct the value of Torres' dog from the amount awarded for caring for the dog because he did not raise the issue in the trial court. " ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal . . . ." ' " (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548; see also *Sander v. Superior Court* (2018) 26 Cal.App.5th 651, 670 [" 'It is axiomatic that arguments not raised in the trial court are forfeited on appeal.' "].) Here, Antracoli did not raise the issue of the dog's value in the trial court. In challenging the proposed award for caring for the dog, Antracoli argued that the dog was not a victim entitled to restitution, that the prosecutor failed to present competent evidence of the costs of the dog's care, and that the prosecutor failed to discount the award for the time value of money. However, Antracoli did not argue in the trial court that the value of the dog should be deduced from the costs of its care. As a consequence, Antracoli has forfeited the argument and cannot contend on appeal that the trial court abused its discretion by failing to make such a deduction. (See *People v. Partida* (2005) 37 Cal.4th 428, 435 ["A party cannot argue the court erred in failing to conduct an analysis it was not asked to consider."].)

Although Antracoli admits that he "did not specifically argue that the value of the victim's dog should be deducted from the costs of caring for the dog," he asserts that his challenge was not forfeited because he objected to the amount of restitution awarded. We disagree. It is true that cases recognize that "[s]ufficiency of the evidence has always been viewed as a question necessarily and inherently raised in every contested trial of any issue of fact, and requiring no further steps to be preserved for appeal." (*In re K.F.* (2009) 173 Cal.App.4th 655, 660; see also *People v. LaRoche* (2023) 96 Cal.App.5th 1020, 1024 ["[O]bjecting to the lack of documentation to prove the value of an item, as well as arguing the People failed to meet their burden, is the equivalent of objecting to the

prima facie showing of the value of the item itself."].) However, Antracoli is not challenging the sufficiency of the evidence concerning the costs of caring for Torres' dog. He is challenging the failure to reduce the amount that the prosecutor showed the victim's sister was entitled to recover, which is an issue on which Antracoli, not the prosecutor, bore the burden of proof. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 ["Once the victim makes a prima facie showing of the amount of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim."]; see also *People v. Grandpierre* (2021) 66 Cal.App.5th 111, 115 ["the defendant has the burden to disprove the amount of losses the victim claimed"].) As a consequence, Antracoli was required to raise this issue in the trial court and forfeited it by failing to do so.

Because Antracoli has forfeited this issue, we need not consider whether there was any evidence of the dog's present value or whether Antracoli suffered any prejudice. The Attorney General asserts that, if the trial court mistakenly awarded $2,000 less in restitution than intended, the Court should correct that mistake. However, contrary to the Attorney General's unsupported assertion, the apparent mistake was not a mere clerical error and did not create an unauthorized sentence. As a consequence, absent an appeal from the restitution order, which neither the Attorney General nor Torres' sibling filed, we have no jurisdiction to correct that alleged mistake. We express no view on whether an alternative remedy is either available or warranted.

### III. DISPOSITION

The restitution order filed on December 12, 2024 is affirmed.

_____
BROMBERG, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
DANNER, J.

*People v. Antracoli*
H052846